IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| EDDIE E. BROWN JR,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>EXPRESS EMPLOYMENT PROFESSIONAL, GREG SULENTIC, SARAH MALCOLM, and SHAE RICHART,<br><br>　　　　　　Defendants. | 4:22CV3256<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's pro se Complaint, Filing No. 1, and the Supplement, Filing No. 8, filed in response to the Court's Memorandum and Order dated January 30, 2023 (the "Initial Review Order"), Filing No. 7. For the reasons discussed, Plaintiff's Complaint will be dismissed.

### I. BACKGROUND

Plaintiff filed a Complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17. Filing No. 1 at 3. In the Initial Review Order, the Court concluded that Plaintiff failed to demonstrate he exhausted his administrative remedies as required by Title VII, the ADA, and the ADEA. *See* Filing No. 7 at 3-4; *see also* 42 U.S.C. § 2000e-5(f)(1) (Title VII); 42 U.S.C. § 12117(a) (stating that the remedies and procedures set forth in Title VII, including those pertaining to exhaustion, apply to disability discrimination claims under the ADA); *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005) ("Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court."). The Court

also concluded that Plaintiff failed to allege sufficient facts to support a plausible claim for discrimination. Filing No. 7 at 5.

Though Plaintiff's Complaint failed to state a claim, the Court permitted Plaintiff to (1) amend his Complaint to sufficiently allege a Title VII claim against Defendants, and (2) file a copy of his EEOC charge and Notice of Right to Sue with the Court. Filing No. 7 at 5. The Court specifically instructed Plaintiff to be mindful to allege that he is a member of a protected class and describe how Defendants discriminated against Plaintiff on the basis of his race, to the extent such facts can be credibly alleged. Id.

The Court also required Plaintiff to restate the allegations of the Complaint and any new allegations. Filing No. 7 at 7. The Court warned that failure to consolidate all claims into one document may result in the abandonment of claims and that an amended complaint will supersede, not supplement, his prior pleadings. Id. The Court reserved the right to conduct further review of Plaintiff's claims in the event he filed an amended complaint. Id.

## II. DISCUSSION

### A. Timeliness and Exhaustion of Administrative Remedies

As requested, Plaintiff attached the Notice of Right to Sue from the EEOC and NEOC. Filing No. 8 at 3-7. The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge.[1] 29 U.S.C. § 626(e); 42 U.S.C.A. § 2000e-5(f)(1); see also Littell v. Aid Ass'n for Lutherans, 62 F.3d 257, 259 (8th

---

[1] The NFEPA similarly provides that "[t]he deadline for filing an action directly in the district court is ninety days after the complainant receives notice of the last action the [NEOC] will take on the complaint or charge." Neb. Rev. Stat. § 48-1120.01.

Cir. 1995) (failure to file suit within ninety days after the receipt of a notice from the EEOC renders a plaintiff's action untimely). The Notices filed with the Supplement show Plaintiff exhausted his administrative remedies and filed his Complaint within 90 days of receipt of the Notices. See Filing No. 8 at 3-7.

**B. Facts Supporting a Claim of Discrimination**

Despite the Court's instruction to consolidate his claims into one document, Plaintiff filed a "Supplement," Filing No. 8. The Supplement alleges that Plaintiff is African American, and he was terminated from an employment assignment by Defendant Express Employment Professional due to his race. Filing No. 8 at 1. Plaintiff's only allegation to support this assertion is that a Caucasian employee made sexual harassment allegations against another African American employee and Plaintiff was also wrongfully accused of harassment though he "had no part of it." Filing No. 8 at 1.

While a plaintiff need not plead facts sufficient to establish a prima facie case of employment discrimination in his complaint, the Court looks to the elements of a prima facie case of discrimination in assessing whether Plaintiff has pled enough facts to make entitlement to relief plausible. See *Armstead v. Union Pac. R.R.*, No. 8:21CV183, 2021 WL 4033328, at *3 (D. Neb. Sept. 3, 2021). As stated in the Initial Review Order, "[a] prima facie case of discrimination requires that the plaintiff '(1) is a member of a protected group; (2) was meeting the legitimate expectations of the employer; (3) suffered an adverse employment action; and (4) suffered under circumstances permitting an inference of discrimination.'" *Schaffhauser v. United Parcel Serv., Inc.*, 794 F.3d 899, 903 (8th Cir. 2015) (quoting *Davis v. Jefferson Hosp. Ass'n*, 685 F.3d 675, 681 (8th Cir. 2012)).

Plaintiff alleged in the Supplement that he is a member of a protected class and he suffered an adverse employment action (i.e., termination from his assignment). However, Plaintiff does not allege facts sufficient to support that he was terminated under circumstances giving rise to an inference of discrimination.[2] To adequately plead a claim, a plaintiff must offer more than unadorned accusations, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and must provide more than labels and conclusions—a formulaic recitation of the elements of a cause of action will not suffice, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *See also Gregory v. Dillard's, Inc.*, 565 F.3d 464, 473 (8th Cir. 2009) ("While a plaintiff need not set forth detailed factual allegations or specific facts that describe the evidence to be presented, the complaint must include sufficient factual allegations to provide the grounds on which the claim rests.") (internal quotation marks and citations omitted).  A plaintiff can satisfy the fourth part of the prima facie case in a variety of ways, such as by showing more-favorable treatment of similarly situated employees who are not in the protected class, or biased comments by a decisionmaker." *Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1019 (8th Cir. 2011) (internal quotation marks and citations omitted).

Even liberally construed, Plaintiff has not sufficiently alleged he was terminated under circumstances that give rise to an inference of discrimination based on Plaintiff's race.  Plaintiff's Supplement makes the conclusory statement that his employer terminated him because of his race. Filing No. 8 at 2.  Plaintiff supports this bare assertion with only an assertion that a white employee made allegations against him and another

---

[2] Additionally, other than to say he did not commit sexual harassment, Plaintiff's Supplement alleges no facts from which the Court can infer that he was meeting job expectations.  Thus, no facts support the third element of a prima facie case.

African American employee. *Id.* Moreover, Plaintiff alleges no facts suggesting someone outside of his protected class was treated more favorably and was similarly situated. The Court specifically instructed Plaintiff to describe how he was discriminated against on the basis of his race, but he has failed to do so. Accordingly, after careful review of Plaintiff's Supplement, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice because Plaintiff's Amended Complaint, Filing No. 1, and Supplement, Filing No. 8, fail to state a claim upon which relief may be granted.

2. A separate judgment will be entered in accordance with this Memorandum and Order and the Court's Memorandum and Order dated January 30, 2023, Filing No. 7.

Dated this 19th day of July, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge